Imbar Sagi-Lebowitz, Bar No. 232728
KLINEDINST PC
777 S. Figueroa St., Suite 4000
Los Angeles, California 90017
(213) 442-7000/FAX (213) 406-1101
isagi-lebowitz@klinedinstlaw.com

Lindsey N. Casillas, Bar No. 269688
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7573
lcasillas@5linedinstlaw.com

Attorneys for Defendant
GLENN MEDICAL CENTER

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PSYCHIATRIC MEDICAL CARE, LLC, a Tennessee Limited Liability Company,

Plaintiff,

v.

GLENN MEDICAL CENTER, a California Limited Liability Company,

Defendant.

Case No. 2:26-CV-00751-DAD-JDP

**STIPULATION FOR PROTECTIVE ORDER AND ~~[PROPOSED]~~ ORDER**

Judge: Hon. Dale A. Drozd
Courtroom 4

PLAINTIFF PSYCHIATRIC MEDICAL CARE, LLC ("Plaintiff") and DEFENDANT GLENN MEDICAL CENTER ("Defendant"), (collectively the "Parties"), by and through their attorneys of record, hereby agree and stipulate to this Protective Order as follows:

1. The Parties acknowledge that some of the documents and other information produced during discovery in this action may contain non-public confidential, privileged, and/or proprietary business information whose confidentiality and privilege the Parties or third parties desire to and are required to maintain. To facilitate the fair and efficient completion of pretrial discovery while protecting the rights of the Parties and third parties with respect to their confidential and/or privileged materials and minimizing the need for judicial intervention in the discovery process, Plaintiff and Defendant have agreed to the terms of this Protective Order.

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

2. As used in this Order, a "Producing Party" is any Party or non-party to this Action who produces or discloses documents or information or ESI of any kind pursuant to any discovery request, subpoena, or otherwise ("Discovery Material"). A "Receiving Party" is any Party or non-party to this Action who receives Discovery Material pursuant to any discovery request, subpoena, or otherwise. A "Designating Party" is any Party or non-party designating Discovery Material as Confidential under this Protective Order.

3. The terms of this Protective Order apply to all documents produced in this case.

4. This Protective Order may be amended pursuant to agreement of the Parties in order to bring additional Discovery Material generated during discovery in this matter within the scope of this Protective Order.

5. This Protective Order has no effect upon, and its scope shall not extend to, any Party's use of his, her, or its own documents and information whether or not those documents have been designated as "Confidential" under this Protective Order.

6. This Protective Order shall not be binding on the Court or its personnel.

7. A Designating Party may designate Discovery Material as "Confidential" under this Protective Order only if the Designating Party has a reasonable, good faith belief that the Discovery Material contains non-public information that: contains or discloses a trade secret; contains or discloses highly sensitive financial information, including sales, costs, profitability, fee, or pricing data; contains or discloses highly sensitive business information, including strategic business initiatives, marketing plans, product-development information, or other confidential business information; contains or discloses employment or personnel information; and/or is protected by the right to privacy under California and/or federal law.

8. A Designating Party shall designate a document "Confidential" by marking each page of the document with a stamp stating "Confidential."

9. If, during the course of any deposition related to this litigation -- including, without limitation, (a) the deposition of a Party or one of his, her or its present or former employees, directors, partners, members, representatives, officers, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of any third party -- any Discovery

Material designated "Confidential" by any Party under the terms of this order is mentioned, referenced, discussed and/or subject to testimony, the relevant segment of the deposition may be designated "Confidential” either by: (a) indicating on the record that the discussion and/or testimony is "Confidential" and subject to the terms of this order; or (b) serving designations within ten (10) business days after receipt of the transcript listing the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential. Until ten (10) business days pass, the entire deposition transcript will be treated as if it has been designated Confidential. Only those portions of the transcript that are appropriately designated "Confidential" within ten business days shall be covered by this Order. To the extent possible, the court reporter shall segregate into separate transcripts portions designated as "Confidential" and insert blank, consecutively numbered pages in their place in the main transcript. The separate transcript containing "Confidential" discussion and/or testimony shall be numbered to correspond to the blank pages in the main transcript

10. If a Party or non-party determines that Discovery Material was produced without being appropriately designated as Confidential, that Party may designate it as such by apprising all prior recipients of the Discovery Material in writing within seven (7) days of identifying such disclosure. Upon receipt of such designation in writing, the Parties and other persons subject to this Protective Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the new designations and to retrieve the newly designated Discovery Material from any person who is no longer permitted to have such Discovery Material under this Protective Order.

11. The Parties agree that all Discovery Material designated "Confidential" shall be used solely in connection with this litigation and for no other purpose whatsoever and shall not be disclosed to any person or used in any manner, except in accordance with the terms hereof. Under no circumstance may any Confidential information learned or contained in any such material be used for any other purpose, including business, competitive, governmental or commercial, or any other administrative or judicial proceedings or actions.

/ / /

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

12. Discovery Material designated "Confidential" shall not be disclosed or made available by any Party to persons other than the following persons designated as "Qualified Persons":

(a) The Parties to this litigation, including but not limited to any Party's accountant, agent, director, employee, manager, officer, or representative (all of whom are bound by and shall be given a copy of this Protective Order);

(b) Attorneys for the Parties in this litigation (including in-house counsel), and employees and agents of such attorneys, all of whom are bound by and shall be given a copy of this Protective Order;

(c) Commercial photocopying, storage, retrieval, data procession, or handling firms used by any Party to this Protective Order, or counsel for such firms, who have agreed in writing to be bound by this Protective Order;

(d) Persons who have been designated as expert witnesses for the purpose of testifying or consulting in this litigation as defined by C.C.P. § 2034.210, et seq., who have agreed in writing to be bound by this Protective Order;

(e) Deposition reporters, videographers, and their support personnel for purposes of preparing deposition transcripts, who have agreed in writing to be bound by this Protective Order;

(f) As to any document: (i) its author, (ii) its addressee(s), (iii) any person indicated on the face of the document as having received a copy, (iv) any other person mentioned or referred to therein, or (v) any person whom any Party's counsel believes in good faith may be called to give testimony in this action on matters relating to the documents marked "Confidential" and/or the information contained therein;

(g) Any witness or deponent during the course of his, her, or its deposition or examination in the above-referenced matter;

(h) Any non-party to whom documents marked "Confidential" are produced pursuant to a subpoena, court order, and/or other legal process in accordance with paragraph 18 of this Protective Order;

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

(i) Any other person as may be agreed in writing by the Designating Parties provided that written agreement is served on all counsel of record;

(j) The Court;

(k) Third-Party neutrals hired by the Parties to facilitate settlement;

(l) Any other person designated as a Qualified Person by order of this Court.

13. If, at any time during the course of this litigation, a Producing Party produces any document that any other Party in this action reasonably believes should be designated "Confidential" as described herein, that other Party may designate said document as “Confidential” by apprising all prior recipients of the Discovery Material in writing within seven (7) days of identifying such disclosure. Upon receipt of such designation in writing, the Parties and other persons subject to this Protective Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the new designations and to retrieve the newly Designated Discovery Material from any person who is no longer permitted to have such information under this Protective Order.

14. Nothing herein shall prevent disclosure beyond the terms of this order if the Designating Party consents to such disclosure or if the Court orders such disclosure.

15. Nothing herein shall prevent any Party or third-party from seeking additional protection with respect to any Discovery Material.

16. Unless a prompt challenge to a designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party shall not be obligated to challenge the propriety of a designation as "Confidential" or “Qualified Person” at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The Parties agree to limit such objections to Discovery Material that the challenging party reasonably anticipates using in this Action. In the event that counsel for a Receiving Party objects to a Confidential designation with respect to any Discovery Material, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Discovery Material to which each objection pertains, and the specific reasons and support for such objections (the “Designation Objections”). Counsel for the Designating Party shall have thirty (30)

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Discovery Material pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Discovery Material at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

17. In the event any Party wishes to submit any Discovery Material designated "Confidential" in connection with any affidavit, brief, memorandum of law or other paper filed with the Court in this litigation, that Party must lodge and file the "Confidential" Document in accordance with this Court's Local Rules ~~the California Rules of Court~~ relating to submission of documents under seal. A Party desiring to seal relevant "Confidential" documents shall be obligated to file a motion or application to seal in accordance with Local Rule 141 ~~Rule 2.551 of the California Rules of Court~~.

18. Within 30 days after the final termination and/or settlement of this litigation, all "Confidential" Discovery Material, and all copies thereof, shall be returned to the producing party or destroyed, provided that, for each Party, counsel may retain copies of "Confidential" Discovery Material as necessary to maintain appropriate working files for this litigation. This Protective Order shall survive the final termination of this litigation with respect to any such retained "Confidential" Discovery Material.

19. If a Party receives a subpoena or other compulsory process commanding the production of any "Confidential" document, that Party shall notify the Designating Party within five (5) business days of receipt, or if compliance is required sooner, within sufficient time to allow the Designating Party to seek protective relief. The Party receiving the subpoena or compulsory process shall not produce any such materials in response to the subpoena without the prior written consent

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

of the Designating Party, except as ordered by a court of competent jurisdiction. The Party receiving the subpoena or other compulsory process shall not object to the Designating Party having a reasonable opportunity to appear in the litigation and to seek appropriate relief.

20. The Parties agree that they do not intend to disclose information subject to a legally recognized claim of privilege or other protection from disclosure ("Non-Discoverable Information"). The production (whether advertent or inadvertent) of Non-Discoverable Information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If a Producing Party discovers it has disclosed any Non-Discoverable Information (whether advertent or inadvertent), or in good faith later asserts that Discovery Material was privileged or otherwise protected from disclosure, it shall promptly notify the Receiving Parties in writing of the production and the basis for the privilege or other protection from production and request in writing the return or confirmed destruction of the Non-Discoverable Information. Upon receipt of such a request for return, the Receiving Party must segregate the documents (and all copies thereof, as well as any notes, communications or documents reflecting the content of such documents) and, unless it challenges the claw-back notification by motion as indicated below, must return, sequester, or destroy them within seven (7) business days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall either be destroyed or sequestered as set forth in this Order. The Receiving Party may, within ten (10) business days of claw-back notification, seek an order from the Court directing the production on the grounds that the claimed privilege or protection is invalid or inapplicable. However, the fact of the production and/or disclosure of the Protected Material in the course of the Action shall not constitute grounds for asserting invalidity or waiver of the privilege or protection. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

21. Nothing contained in this order constitutes an admission or waiver of any claim or defense by any Party, and nothing contained herein shall affect the right of any Party to make any objection, claim any privilege, contest any discovery request or any Party's response to a discovery

request, or to seek any relief or protective order from the Court.

The Stipulation and Order may be executed in subparts.

SO STIPULATED

DATED: July 27, 2026

KLINEDINST PC

By: ______________________

Imbar Sagi-Lebowitz
Lindsey N. Casillas
Attorneys for Defendant
GLENN MEDICAL CENTER

DATED: July 27, 2026

BAILEY PLC

By: *s/ Landon Bailey*

Landon Bailey
Attorneys for Plaintiff
PSYCHIATRIC MEDICAL CARE, LLC

DATED: July 27, 2026

BASS BERRY & SIMS PLC

By: *s/ Briana T. Sprick-Schuster*

Briana T. Sprick Schuster (pro hac vice)
Attorneys for Plaintiff
PSYCHIATRIC MEDICAL CARE, LLC

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 4000
LOS ANGELES, CALIFORNIA 90017

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated: August 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE